## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| JOHN T. MCMAHAN, | Case No. 18-14064 |
| Debtor | Honorable Janet S. Baer |
| TRINITY DEVELOPMENT, INC., an Illinois corporation and LYNN MCMAHAN, | |
| Plaintiff, | Adv. No. 24-00077 |
| v. | |
| THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor, | |
| Defendant. | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Tuesday, May 14 2024 at 10:00 a.m., I will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge, or any judge sitting in that judge's place, **either** in Courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604 **or** electronically as described below, and present the **CHAPTER 7 TRUSTEE'S MOTION TO DISMISS AMENDED ADVERSARY COMPLAINT FOR DISBURSEMENT OF FUNDS,** a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

i

29745084V.2

**Meeting ID and password**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: April 23, 2024                    Respectfully submitted,

                                         **KILPATRICK TOWNSEND & STOCKTON LLP**

                                         */s/ Aaron L. Hammer*
                                         Aaron L. Hammer, Esq. (6243069)
                                         ahammer@ktslaw.com
                                         Nathan E. Delman, Esq. (6296205)
                                         ndelman@ktslaw.com
                                         Dan Wen, Esq. (6333529)
                                         dwen@ktslaw.com
                                         500 W. Madison, Ste. 3700
                                         Chicago, IL 60661
                                         Telephone: (312) 606-3200

ii

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>JOHN T. MCMAHAN,<br><br>       Debtor | Chapter 7<br><br>Case No. 18-14064<br><br>Honorable Janet S. Baer |
| TRINITY DEVELOPMENT, INC., an Illinois corporation and LYNN MCMAHAN,<br><br>       Plaintiff,<br>v.<br><br>THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor,<br><br>       Defendant. | Adv. No. 24-00077 |

**CHAPTER 7 TRUSTEE'S MOTION TO DISMISS AMENDED**
**ADVERSARY COMPLAINT FOR DISBURSEMENT OF FUNDS**

NOW COMES Thomas E. Springer (the "Trustee"), not individually but solely in his capacity as chapter 7 trustee for the John T. McMahan (the "Debtor") bankruptcy estate (the "Estate"), by and through counsel, Kilpatrick Townsend & Stockton LLP ("KTS"), and hereby submits his *Motion to Dismiss Amended Adversary Complaint for Disbursement of Funds* (this "Motion") for entry of an order, pursuant to Rule 12 of the Federal Rules of Civil Procedure (the "Federal Rule(s)"), made applicable herein pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)"), seeking dismissal of Trinity Development, Inc. and Lynn McMahan's (together, the "Plaintiffs") *Amended Adversary Complaint for*

1

*Disbursement of Funds* (the "Amended Complaint") [Dkt. No. 5] and granting related relief. In support of this Motion, the Trustee respectfully represents as follows:

## STANDARD OF REVIEW

1.     To withstand a motion to dismiss under Federal Rule 12(b)(6), a complaint must set forth sufficient "facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss," and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief.'" *Id.* at 679 (citing Federal Rule 8(a)(2)).

2.     The three elements of res judicata are: "(1) an identity of the parties or their privities; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Highway J Citizens*, 456 F.3d at 741 (quoting *Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.,* 296 F.3d 624, 628 (7th Cir. 2002)) (internal quotations omitted).

3.     The Trustee "may enforce the service of process requirements through a pretrial motion to dismiss." Fed. R. Civ. P. 12(b)(5). The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *See Homer v. Jones– Bey*, 415 F.3d 748, 754 (7th Cir. 2005). If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service,

2

the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. *Id.*; Fed. R. Civ. P. 4(m).

## **FACTUAL BACKGROUND**

4.      This Court is quite familiar with the lengthy factual history of the underlying bankruptcy case (the "Bankruptcy Case"), and for the sake of brevity the Trustee will not recite all relevant facts, as he has previously done on multiple occasions in previous pleadings, but hereby incorporates by reference the factual recitation in the Trustee's *Response to Defendants' Emergency Motion to Vacate the Summary Judgment and Final Orders on Jurisdictional Grounds, to Strike the Trial Dates and For Other Relief* (the "Second Motion to Vacate Response"), 20-AP-165 at Dkt. No. 137-1, ¶¶ 6-73 for the events which occurred from the period of May 14, 2018, to October 18, 2023.

5.      On January 17, 2024, this Court issued rulings (the "January 17 Ruling") on the Trinity Entities' Motions to Vacate and Second Motions to Vacate,[1] ruling squarely against the Trinity Entities' claims that this Court's Judgment Orders in the Trustee's three adversary proceeding to avoid the Debtor's transfers of discrete pieces of real estate (*i.e.* 20-ap-165, 20-ap-166 and 20-ap-167, collectively, the "Springer Adversary Proceedings") should be vacated because, *inter alia*, the Debtor never held any interest in the Peyton Property, and Lynn did not receive a 50% interest in the Damen Property and the Red Draw Property. On that same date, this Court entered a series of orders denying the Motions to Vacate and the Second Motions to Vacate [cite] (collectively, the "Denial Orders").

6.      On February 14, 2024, the Trinity Entities filed three separate notices of appeal [20-ap-165, Dkt. No. 151; 20-ap-166, Dkt. No. 158; 20-ap-167, Dkt. No. 151], one for each

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Second Motion to Vacate Response.

Springer Adversary Proceeding, thereby creating three appellate cases in the United States District Court for the Northern District of Illinois.[2]

7.      On February 16, 2024 the Trinity Entities filed three separate *Motion for Certification of Direct Appeal to Appeal Court* (the "Motions for Direct Certification") in each of the Springer Adversary Proceedings. [20-ap-165, Dkt. No. 154; 20-ap-166, Dkt. No. 161; 20-ap-167, Dkt. No. 154].

8.      On February 26, 2024, the Trustee filed responses in opposition to the Motions for Direct Certification, noting that the Trinity Entities' Notices of Appeal were untimely. [20-ap-165, Dkt. No. 158; 20-ap-166, Dkt. No. 165; 20-ap-167, Dkt. No. 158]

9.      On March 4, 2024, the Trinity Entities filed three separate *Motion to Timely File Appeal, Motion to Extend Time to Appeal, Motion to Stay Pending Appeal* (the "Motions to Extend Appeal Deadline") [20-ap-165, Dkt. No. 162; 20-ap-166, Dkt. No. 170; 20-ap-167, Dkt. No. 162] seeking various relief to deem the late filed notices of appeal as time and to stay the Trustee's disbursement of the sale proceeds.

10.     On March 5, 2024, this Court denied the Trinity Entities' Motions for Direct Certification and Motions to Extend Appeal Deadline. [20-ap-165, Dkt. No. 165; 20-ap-166, Dkt. No. 172; 20-ap-167, Dkt. No. 164].

11.     On March 14, 2024, the Trustee filed three unopposed motions to dismiss, all of which were granted, *see* 1:24-cv-01879 at Dkt. No. 6; 1:24-cv-01884 at Dkt. No. 9; and 1:24-cv-01891 at Dkt. No. 9, there dismissing the Trinity Appeals with prejudice.

---

[2] Specifically, (i) Trinity Green, LLC; Trinity Green, LLC – 1240 N. Damen v. Thomas E. Springer, not individually but as trustee of the chapter 7 estate of John T. McMahan, Case No. 1:24-cv-01879; (ii) Trinity Green, LLC; Trinity Green, LLC – 509 Peyton v. Thomas E. Springer, not individually but as trustee of the chapter 7 estate of John T. McMahan, Case No. 1:24-cv-01884; and (iii) Trinity Green – Colorado, LLC v. Thomas E. Springer, not individually but as trustee of the chapter 7 estate of John T. McMahan, Case No. 1:24-cv-01891 (collectively, the "Trinity Appeals").

4

12.     On March 24, 2024, the Plaintiffs filed the instant Adversary Proceeding by filing a complaint (the "Complaint") [Dkt. No. 1], seeking removal of a significant portion of the sale proceeds from the Bankruptcy Estate.

13.     On April 11, 2024, the Plaintiffs filed their Amended Complaint.

## ARGUMENT

14.     The Plaintiffs' Amended Complaint must be dismissed for several reasons. First, the Amended Complaint is facially invalid. Second, as this Court has already substantively ruled on these issues in the Trinity Entities' Motions to Vacate, the relief sought is barred by the doctrine of res judicata. Third, the Amended Complaint is barred by the doctrine of Quasi-Judicial Immunity. Finally, the Plaintiffs failed to serve the Trustee in compliance with the Bankruptcy Rules.

### A.   Rule 12(b)(6): The Amended Complaint Fails to State a Claim

15.     As a preliminary matter, this Court must dismiss the Amended Complaint under Federal Rule 12(b)(6) as not only does it fail to state a claim upon which relief can be granted, it fails to state any claim whatsoever. The Amended Complaint contains no legal theory, no counts, and articulates no cause of action. It simply recites facts (all of which have been previously pled before this Court) and flatly, without any stated legal basis, seeks a result.

16.     While the Seventh Circuit permits construing a *pro se* complaint liberally, a formal pleading drafted by counsel must be held to a more stringent standard. *Perez v. Fenoglio*, 792 F. 3d 768, 776 (7th Cir. 2015), *citing Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011).

17.     Still, even this higher standard is not exceedingly difficult for the Plaintiffs to meet. The Seventh Circuit has even noted that "[t]he Supreme Court has interpreted [12(b)(6)'s]

5

language to impose two easy-to-clear hurdles." *E.E.O.C. v. Concentra Health Services, Inc.* 496 F. 3d 773, 776 (7th Cir. 2007).

18.    First, the Amended Complaint "must describe the claim in sufficient detail to give the [Trustee] fair notice of what the claim is and the grounds upon which it rests." *Id. citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

19.    Second, the Plaintiffs' "allegations must plausibly suggest that the [Plaintiffs' have] a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.*, *citing Bell Atlantic* (127 S.Ct. at 1965).

20.    The Amended Complaint does neither. While facts are stated, they describe no claim whatsoever. These facts on their own do not give rise to a possibility that the Plaintiffs should just be awarded monetary consideration. Accordingly, the Trustee asserts the Amended Complaint should be dismissed with prejudice as a matter of law.

**B.  Res Judicata Bars the Amended Complaint**

21.    While, as mentioned above, the Trustee plainly struggles to discern any actual cause of action from the Amended Complaint, to the extent one can be extrapolated from the stated facts, this cause of action would necessarily be barred by the doctrine of res judicata.

22.    This doctrine protects the "powerful public interest in finality of litigation." *Ellis v. Dyson*, 421 U.S. 426, FN6, (1975). Specifically, res judicata bars relitigating claims that were or could have been raised in an earlier proceeding. *D & K Properties Crystal Lake v. Mutual Life Ins. Co. of New York*, 112 F.3d 257, 259 (7th Cir. 1997); *Highway J Citizens Group v. U.S. Dept. of Transp*, 456 F.3d 734, 741, (7th Cir. 2006).

23.     Res judicata applies in bankruptcy proceedings where a contested matter or an adversary proceeding where a previous opportunity was provided to litigate a given claim. *See S.N.A. Nut Co. v. Haagen–Dazs Co., Inc.*, 215 B.R. 1004, 1008 (Bankr. N.D.Ill. 1997). Indeed, the Seventh Circuit has noted this "fundamental public policy that there be an end to litigation is particularly strong in the bankruptcy context." *Hawxhurst v. Pettibone Corp.*, 40 F. 3d 175, 180 (1994).

24.     "Simply put, the doctrine of res judicata provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Id.* (quoting *Nevada v. United States*, 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983)) (internal quotations omitted).

25.     The three elements of res judicata are: "(1) an identity of the parties or their privities; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Highway J Citizens*, 456 F.3d at 741 (quoting *Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.,* 296 F.3d 624, 628 (7th Cir. 2002) (internal quotations omitted). As detailed herein, these elements are all met in the instant case.

***Identity of Parties***

26.     While the Plaintiffs and the Trinity Entities are not strictly identical, any assertion that they are distinct legal entities and personhoods from the Trinity Entities is unavailing.

27.     With respect to privity, "federal courts apply a functional approach to determine whether parties are in privity, focusing on the general question of whether the earlier parties were in some sense proper agents for the later parties, to justify binding the result for the first party to

7

the second party." *Midwest Operating Engineers v. Dredge*, 147 F. Supp. 3d 724, 739 (N.D. Ill. 2015), *aff'd sub nom. Midwest Operating Engineers Welfare Fund v. Cleveland Quarry*, 844 F.3d 627 (7th Cir. 2016) (quoting *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998) (internal citations omitted)).

28.     Here, per the Trinity Entities' own pleadings, Lynn serves as "the manager and member of each of the [Trinity Entities.]" 20-ap-165, Dkt. No. 80 at ¶ 3.[3] Additionally, while the Plaintiffs have not identified Trinity Development, Inc.'s shareholders (and have failed to make the required disclosures under Federal Rule 7007.1), given the similarity in name, the fact that Lynn served as president[4] and that it was the beneficiary of the Peyton Property land trust [Amended Complaint at ¶9], this evidence overwhelmingly suggests privity exists between Trinity Development, Inc. and the Trinity Entities. *See Studio Art Theatre of Evansville, Inc. v. City of Evansville*, 76 F.3d 128, 131 (7th Cir. 1996) (holding privity exists where there is a link between parties in successive suits which share a "clear congruence of legal issues").

***Identity of Causes of Action***

29.     As to an identity of the causes of action, "two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Manicki v. Zeilmann*, 443 F.3d 922, 925 (7th Cir. 2006) (quoting *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)).

30.     Again, while the Amended Complaint contains no cause of action, presuming this Court can divine one, it would be based on precisely the same factual allegations contained in the Motions to Vacate.

---

[3] *See also* Bankruptcy Case Dkt. No. 423 at ¶16 (stating Lynn McMahan had sole control over Trinity Green-Damen).

[4] *See* attached <u>Exhibit A</u>, from the Illinois Secretary of State, which also shows Trinity Development, Inc. as inactive.

31.     While the Plaintiffs may seek to distinguish two separate matters in this case, the first being the Motions to Vacate, and the second, the distribution of the sale proceeds, these two matters are inextricably linked as they both represent challenges to the Judgment Orders.

32.     In other words, but for the litigation on the Motions to Vacate, the Sale Proceeds would not have been held in escrow and the Trustee would not have been required to file his motion for disbursement. *Cf., Manicki*, 443 F.3d at 925 (police board's denial of predeprivation hearing and letter which precipitated plaintiff's dismissal were not separate causes of action – together they constituted the circumstances of plaintiff's dismissal).

***Final Judgment on the Merits***

33.     Finally, the January 17 Ruling was a final ruling on the merits. While finality of bankruptcy court orders has been the subject of much litigation, the Supreme Court has repeatedly held that "[o]rders in bankruptcy cases qualify as final when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S.Ct. 582, 586 (2020), *citing Bullard v. Blue Hills Bank*, 135 S.Ct. 1686 (2015). This Court considered the Trinity Entities' multiple requests for Rule 60(b) relief on the merits and explained, at length, its reasoning on its denial of such request, thereby disposing of their discrete disputes.

34.     In fact, this Court took the extra measure of informing Trinity Entities' counsel at the hearing on January 17, 2024 that its ruling should be considered final. After the Court's oral ruling, Defendant's counsel asked the Court whether the Denial Orders were final for purposes of appeal, noting that further direction regarding the sale proceeds was not before the Court.

> MR. SHELIST: Since the matter is not concluded with today's ruling, would it be correct to assume that the clock does not start ticking on an appeal of these rulings until the matter is fully concluded?

9

> THE COURT: Well, Mr. Shelist, you are asking me now for some
> sort of a direction in terms of it. This is a final order. I have two
> motions before me. I have the original motion to vacate the summary
> judgment, and I have the second motion to essentially vacate the
> summary judgment. I am denying both of those motions. Those are
> final and appealable orders as far as I'm concerned.

*See* Exhibit B, January 17, 2024 Hearing Transcript at 43:16 – 44:3.

35.     Res judicata bars the impermissible undertaking of a new proceeding to collaterally attack the ruling of a past proceeding. *See Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1020 (7th Cir. 2000) (plaintiff's attempt to use a second action to appeal the results of the first action is an impermissible collateral attack on the first judgment); *see also Hudson v. Hedge*, 27 F.3d 274, 276 (7th Cir. 1994) (plaintiff's failure to appeal from a decision did not warrant a new action to contend that the disposition of the first action was mistaken).

36.     Plainly, here all three requirements are present as (i) the parties are either in privity (if not identical), (ii) any potential cause of action in the Amended Complaint would necessarily be based on identical factual allegations as in the Motions to Vacate, and (iii) the Denial Orders are final orders.

37.     Accordingly, the Amended Complaint improperly seeks to re-litigate the matters this Court has thoroughly analyzed and ruled on and should be dismissed with prejudice to support the strong public policy of finality of bankruptcy court rulings.

### C.  **The Trustee is Protected by Quasi-Judicial Immunity**

38.     Additionally, the Amended Complaint should be dismissed because, again – to the extent the Trustee can discern a cause of action – it would concern actions where the Trustee is entitled to the benefits of quasi-judicial immunity for his actions with avoiding the fraudulent transfers and his subsequent disposition of these assets.

29745084V.2

39.   Under the doctrine of quasi-judicial immunity, generally, a chapter 7 trustee and his counsel "is entitled to quasi-judicial immunity for carrying out the orders of the bankruptcy court." *In re Sharif*, 549 B.R. 485, 529 (Bankr. N.D. Ill. 2016) (quoting *Lerch v. Boyer*, 929 F. Supp. 319, 323 (N.D. Ind. 1996)); *see also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) ("Non-judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct."); *Est. of Wattar v. Fox*, 71 F.4th 547, 554 (7th Cir.), *cert. denied sub nom. Sharif v. Fox*, 144 S. Ct. 495, 217 L. Ed. 2d 259 (2023) ("courts have recognized that trustees enjoy some degree of immunity for acts taken pursuant to court orders or within the scope of their trusteeship, though the contours of this doctrine remain unsettled"); *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989) ("Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order."); *Yadkin Valley Bank & Trust Co. v. McGee*, 819 F.2d 74, 76 (4th Cir. 1987) (bankruptcy trustee immune if acts "under the direct orders of the court"); *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981) (bankruptcy trustee acted as arm of the court and thus was entitled to absolute immunity); *see also Schultz v. Dubois*, 47 F.3d 1173, 1995 WL 66780 (7th Cir. 1995) (unpublished disposition).

40.   "Chapter 7 trustees are generally considered to be entitled to quasi-judicial immunity and do not incur personal liability for acts done within scope of their statutory duties." *In re Trahan*, 460 B.R. 207, 213 (Bankr. C.D. Ill. 2011). It is only "[w]hen they exceed their authority, however, they are not entitled to immunity and may be held personally liable for their conduct." *Id.*

41.   Here, the Trustee acted well within the scope of his authority by prosecuting the avoidance actions and returned the fraudulently conveyed real estate into the bankruptcy estate.

11

Indeed, section 704 of the Bankruptcy Code identifies the primary duty of a chapter 7 trustee is to "collect and reduce to money property of the estate[.]" 11 U.S.C. § 704(a)(1).

*42.* Here, the Bankruptcy Court entered orders approving the Trustee's every step of the process – from discovery to summary judgment to denial of the Trinity Entities' Motions to Vacate. Accordingly, the Trustee is entitled to quasi-judicial immunity for carrying out his statutory duties of estate administration under direct orders from the Bankruptcy Court. *See, e.g., Sharif*, 549 B.R. at 530 (chapter 7 trustee and counsel had quasi-judicial immunity as they were acting within statutory duty of administration of the estate and within bounds of the bankruptcy court's orders which declared trust assets to be property of the estate and required turnover).

### D. Rule 12(b)(5): The Plaintiffs Failed to Serve the Amended Complaint and Summons

43. While the Complaint was filed on March 24, 2024, and a summons was created the same day [Dkt. No. 2], the Plaintiffs failed to serve the summons on either the Trustee or his counsel in accordance with Bankruptcy Rule 7004. Tellingly, this case's docket contains no proof of service from the Plaintiff.

44. The Trustee "may enforce the service of process requirements through a pretrial motion to dismiss." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). An adversary proceeding requires the service of a summons and a complaint. *In re Hanson*, 397 F. 3d 482, 484 (7th Cir. 2005); *Hood*, 124 S.Ct. at 1913.

45. Here, the Trustee can "justifiably rely on the explicit notice provisions of the Bankruptcy Code and Rules and [should] have no reason to act until the service of a summons for an adversary proceeding apprises [him and the Estate] that their property rights may be affected." *Id.* at 486.

12

46.     Additionally, it is the Plaintiffs' burden to demonstrate to this Court that it has "jurisdiction over each defendant through effective service." *Cardenas¸* 646 F.3d at 1005 (citing *Homer v. Jones-Bay*, 415 F.3d 932, 934 (7th Cir. 2002)).

47.     As the Plaintiffs have failed to establish compliance with this service requirement, this Court has discretion to dismiss the Amended Complaint for this procedural defect.

## **CONCLUSION**

While, on paper, the Plaintiffs are distinct legal entities from the Trinity Entities, in truth they bear all the hallmarks of privities, and the relief sought is substantively identical to the relief sought in the Trinity Entities' Motions to Vacate. Stating this Adversary Proceeding is yet another bite at the apple disserves this well-worn metaphor. After six years, the Plaintiffs are gnawing on the final scraps of the apple's core. This Court has extended the Trinity Entities and Lynn enormous latitude time and again to demonstrate why they are legally entitled to the relief sought, and they were unable to do so. After the Trinity Entities allowed the appeal deadline to lapse, the Plaintiffs now improperly seek an end run around to winning on the merits and instead lay claim to the grand prize without so much as stating a cause of action. Simply put, the Trustee believes the Plaintiffs' behavior is contumacious. This Court should tolerate no more litigation on this matter and for all the reasons stated in this Motion, it should dismiss this Adversary Proceeding with prejudice.

WHEREFORE, the Trustee respectfully requests that this Court enter an order dismissing this Adversary Proceeding with prejudice.

29745084V.2

Dated: April 23, 2024

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON, LLP**

/s/ Aaron L. Hammer
Aaron L. Hammer, Esq. (6243069)
ahammer@ktslaw.com
Nathan E. Delman, Esq. 6296205)
ndelman@ktslaw.com
Dan Wen, Esq. (6333529)
dwen@ktslaw.com
500 W. Madison, Suite 3700
Chicago, IL 60661
Telephone: (312) 606-3200

*Counsel for the Defendant*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2024, I caused a true and correct copy of the foregoing **CHAPTER 7 TRUSTEE'S MOTION TO DISMISS AMENDED ADVERSARY COMPLAINT FOR DISBURSEMENT OF FUNDS,** to be  filed with the Court's CM/ECF system and to be served in accordance therewith to all parties receiving electronic noticing.


By: */s/ Aaron L. Hammer*

15